UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------- X
                                                          :
                                                          :
IN RE: PROPECIA (FINASTERIDE)                             :    Master File No. 12-md-2331 (BMC)(PK)
PRODUCTS LIABILITY LITIGATION                             :
                                                          :    This case relates to:
                                                          :    12-cv-02051-BMC-PK
                                                          :
--------------------------------------------------------- X
                                                          :
GREGORY JANKOWSKI,                                        :
                                                          :
                              Plaintiff,                  :    **MEMORANDUM DECISION AND**
                                                          :    **ORDER**
            - against -                                   :
                                                          :    12-cv-2051 (BMC)(PK)
VAN SCOY HAIR CLINIC, INC., PAI                           :
MEDICAL GROUP, INC., MERCK & CO.                          :
INC., and MERCK SHARPE & DOHME                            :
CORP.,                                                    :
                                                          :
                              Defendants.                 :
--------------------------------------------------------- X

**COGAN,** District Judge.

Plaintiff, a citizen of Oklahoma, filed this case in Ohio state court against the two Merck defendants (collectively, "Merck"), which are New Jersey citizens; PAI Medical Group, Inc., a New York citizen; and Van Scoy Hair Clinic, Inc., a citizen of Ohio. Six days later, Merck removed this action to the United States District Court for the Northern District of Ohio, pursuant to 28 U.S.C. §§ 1441 and 1446. At the time Merck removed the case, plaintiff had not served any of the defendants. Plaintiff moved to remand the case to Ohio state court. The case, and the motion to remand, is now before me as a member case of the multidistrict litigation captioned In re Propecia (Finasteride) Product Liability Litigation, 12 MD 2331.

Merck removed this case pursuant to 28 U.S.C. § 1441(b), which states that removal of a case based upon complete diversity "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."[1]  This limitation on removal is known as the "forum defendant rule."  As interpreted by Merck, as well as some courts, the rule allows a foreign defendant to remove a case to a federal forum, even if there is a proper local defendant, as long as that defendant removes before plaintiff effects service on the local defendant.

The Second Circuit has not expressly held whether this narrow reading of the forum defendant rule is appropriate, and district courts within this Circuit are split.  Compare Torchlight Loan Servs., LLC v. Column Fin., Inc., No. 12 Civ. 8579, 2013 WL 3863887, at *3 (S.D.N.Y. July 24, 2013) (remanding case even though defendants removed before being served); In re Intralinks Holdings, Inc. Derivative Litig., No 12 Civ. 3213, 2013 WL 929836, at *1-2 (S.D.N.Y. March 11, 2013) (same), with Deveer v. Gov't Emp. Ins. Co., 2008 WL 4443260, at *5 (E.D.N.Y. Sept. 26, 2008) (denying motion to remand because language of § 1441(b) was satisfied by removal); Stan Winston Creatures, Inc. v. Toys "R" Us, Inc., 314 F. Supp. 2d 177, 180 (S.D.N.Y. 2003) (same).  Two decisions within the Northern District of Ohio have rejected this narrow construction of the forum defendant rule.  See NFC Acquisition, LLC v. Comerica Bank, 640 F. Supp. 2d 964 (N.D. Ohio 2009); Ethington v. General Elec. Co., 575 F. Supp. 2d 855 (N.D. Ohio 2008).

I conclude that removal under these circumstances is improper.  The purpose of the "properly joined and served" language is to prevent the abuse of the forum defendant rule by

---

[1] The language of 28 U.S.C. § 1441(b) has been slightly modified but the rule remains the same.  The statute now states that a case removable only on the basis of diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

2

improper joinder, where a plaintiff could render a case non-removable by fraudulently naming an in-state defendant that he has no intention (or legal ability) to actually serve and make a party to the suit. See Sullivan v. Novartis Pharms. Corp., 575 F. Supp. 2d 640, 643-45 (D. N.J. 2008). Here, where Merck learned of the suit and removed it before being served, that concern is not implicated. Congress has expressed the view that removal is unnecessary if a properly joined local defendant is present; I see no reason to look for a way to avoid congressional intent. See IntraLinks Holdings, Inc., 2013 WL 929836, at *2; see also Sullivan, 575 F. Supp. 2d at 646. Broadly reading this limitation on removal is consistent with the general principle that "federal courts construe the removal statute narrowly, resolving any doubt against removability." See Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 274 (2d Cir. 1994).

Merck argues that because Congress has amended the removal statute, but retained the "joined and served" requirement, it has implicitly continued a limited view of the forum defendant rule. The failure to alter ambiguous language is a poor indicator of legislative intent. See Burns v. United States, 501 U.S. 129, 136, 111 S. Ct. 2182, 2186 (1991). It could easily be asserted that Congress was aware of the split in the caselaw and did nothing to resolve it. Moreover, the statute could "just as well be read as *assuming* that a defendant who moves to remove a case to federal court would have been joined and served, and the essence of the rule related to the *propriety* of this service and joinder." IntraLinks Holdings, Inc., 2013 WL 929836, at *3 (emphasis in original). Only recently, with the advent of electronic docket monitoring, has it become possible for defendants to easily monitor cases brought against them and remove prior to being served.

The instant case shows how this will usually work. After Merck removed the case, plaintiff's complaint was served by the Cuyahoga County Common Pleas Court, with intra-city

defendant Van-Scoy being served one day after service was sent via certified mail. The other defendants were served two days after service was mailed. The Ohio Rules of Civil Procedure have been updated since plaintiff originally filed his motion to remand. The rules used to allow for service by mail, and they now permit service by fax and email as well. See O.R.C.P. 9(B).

Plaintiff clearly did not delay in timely serving defendants. And defendant Van Scoy is not an improperly joined defendant; rather, the complaint alleges that it prescribed, supplied, and refilled plaintiff's prescription for Propecia. There is at least a colorable claim against it.

Plaintiff has requested attorney's fees, costs, and expenses incurred in connection with contesting this motion because there was precedent within the Northern District of Ohio that directly contradicted Merck's position. That precedent, however, would not be binding on either another district court in Ohio or this court, and "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonably basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141, 126 S. Ct. 704, 711 (2005). There may have been a couple of district court cases, but the Sixth Circuit had not addressed this issue. Given the unresolved dispute among courts about whether this type of removal under § 1441(b) is proper, Merck had a reasonable basis to remove the case, and an award of attorney's fees would be inappropriate.

Plaintiff's motion to remand is granted and his motion for attorney's fees is denied. This case is remanded to the Cuyahoga County Common Pleas Court for the State of Ohio.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
       October 11, 2016